SUMMARY ORDER

Rudy Hariyanto, a native and citizen of Indonesia, seeks review of an October 24, 2008 order of the BIA, affirming the July 13, 2007 decision of Immigration Judge (“IJ”) Steven R. Abrams, which denied his application for asylum, withholding of removal, and relief under the Convention *681 Against Torture (“CAT”). In re Rudy Hariyanto, No. A094 816 935 (B.I.A. Oct. 24, 2008), aff'g No. A094 816 935 (Immig. Ct. N.Y. City July 13, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA agrees with the IJ’s conclusion that a petitioner is not credible and, without rejecting any of the IJ’s grounds for decision, emphasizes particular aspects of that decision, we review both the BIA’s and IJ’s opinions — or more precisely, we review the IJ’s decision including the portions not explicitly discussed by the BIA. Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see also Xiu Xia Lin v. Mukasey, 534 F.3d 162, 165-66 (2d Cir. 2008). We “defer to an IJ’s credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling.” Xiu Xia Lin, 534 F.3d at 167. For asylum applications governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant’s demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go “to the heart of the applicant’s claim.” 8 U.S.C. § 1158(b)(1)(B)(iii).
Substantial evidence supports the agency’s adverse credibility determination. Hariyanto’s asylum application stated that he was persecuted on account of his Christian faith, whereas he testified that he is Buddhist. See Xiu Xia Lin, 534 F.3d at 167. Hariyanto argues that the agency improperly relied on this inconsistency because it was minor or immaterial. It is neither; and in any event, in this post-REAL ID Act case, the IJ would be entitled to rely on “omissions and inconsistencies that do not directly relate to the applicant’s claim of persecution as long as the totality of the circumstances establish that the applicant is not credible.” Id. at 164; see also 8 U.S.C. § 1158(b)(1)(B)(iii). The agency did not err in declining to credit Hariyanto’s explanation that any such discrepancy was a result of miscommunication with his lawyer. See Majid,i v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005). Hariyanto argues that he corrected the error regarding his religion with the asylum officer during his asylum interview, but he failed to exhaust this contention before the BIA and the Government has raised this failure to exhaust in its brief; we therefore decline to consider this issue. See Lin Zhang v. U.S. Dep’t of Justice, 480 F.3d 104, 119-20 (2d Cir.2007) (describing the issue exhaustion requirement as an “affirmative defense subject to waiver”).
The adverse credibility finding was also based on Hariyanto’s failure to submit sufficient evidence corroborating his claim. See Biao Yang v. Gonzales, 496 F.3d 268, 273 (2d Cir.2007) (recognizing that an applicant’s failure to corroborate his or her testimony may bear on credibility because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question); see also Maladho Djehe Diallo v. Gonzales, 445 F.3d 624, 633-34 (2d Cir.2006).
Ultimately, because a reasonable fact-finder would not be compelled to conclude to the contrary, the IJ’s adverse credibility determination was supported by substantial evidence. See Xiu Xia Lin, 534 F.3d at 165-66.
The agency reasonably denied Hariyan-to’s applications for asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. See Paul v. Gonzales, 444 F.3d 148, 156-57 (2d Cir.2006) (recognizing that *682 withholding of removal and CAT claims necessarily fail if the applicant is unable to show the objective likelihood of persecution needed to make out an asylum claim and the factual predicate for the claims is the same).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).